[952 NYS2d 885]

In the Matter of GERARD M. KARLEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 25, 2012

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kathy Wu* of counsel), for petitioner.

Respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Gerard M. Karlen was admitted to the practice of law in the State of New York by the First Judicial Department on January 17, 1983. During some of the time relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys and counselors-at-law.

Respondent's affidavit of resignation, sworn to on July 26, 2012, states that: (1) he submits his resignation freely, voluntarily and without coercion or duress and that he is fully aware of the implications of submitting his resignation; (2) he is aware that the Committee has two pending disciplinary investigations into allegations that he misappropriated, commingled and intentionally converted escrow funds for his own personal use and that he neglected a bankruptcy matter; and (3) if charges are brought predicated upon the misconduct under investigation, he would be unable to successfully defend himself on the merits against these charges.

Specifically, respondent acknowledges that in July 2011, as the seller's attorney in a real estate transaction, he took possession of a down payment in the amount of $23,800. In August 2011, the parties became aware that the title of the property may have been fraudulently conveyed to the seller, and the sale never took place. Since October 2011, the buyer in the transaction has requested the return of his funds but respondent has not done so.

In April 2012, the Committee notified respondent that it had commenced a sua sponte investigation concerning his neglect of a bankruptcy matter pending before the Southern District of New York that had resulted in the imposition of at least three monetary sanctions imposed against him for repeated failures to appear at hearings. The Committee states that respondent never explained his neglect because he has not answered this

complaint. Lastly, respondent acknowledges that if the Lawyers' Fund for Client Protection awards any claims due to his misconduct, he is responsible for reimbursing the Fund.

Accordingly, the Committee's motion is granted to the extent of accepting respondent's resignation from the practice of law, and striking his name from the roll of attorneys and counselors-at-law, effective nunc pro tunc to July 26, 2012.

ANDRIAS, J.P., SWEENY, MOSKOWITZ, FREEDMAN and RICHTER, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 26, 2012.